IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ashley and Mason, Sr. Parrott, *Individually*, and o/b/o of M.C.P., Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> Florence School District One (F.S.D.l.); Richard O'Malley, Superintendent; Brian Denny, F.S.D.l. L.E.A.; Courtney Mathews, Supervisor; Stephanie Walz, Teacher; and Matthew Cote, Assistant Principal, <br><br> Defendants. | Case No.: 4:23-cv-2375-JD <br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 21.) Plaintiffs Ashley and Mason Parrott, Sr., filed this lawsuit individually and on behalf of their minor child, M.C.P. Jr. ("Plaintiff" or "M.P."). Plaintiffs proceeding *pro se* filed this action under 42 U.S.C. § 1983 against Defendants Florence School District One (F.S.D.l.); Richard O'Malley, Superintendent; Brian Denny, F.S.D.l. L.E.A.; Courtney Mathews, Supervisor; Stephanie Walz, Teacher; and Matthew Cote, Assistant Principal (collectively "Defendants"). Plaintiffs allege Defendants unlawfully changed M.P.'s placement from the least restrictive environment when his behavior manifested his disability, which resulted in the deprivation of meaningful education benefits and the denial of a free and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

appropriate public education. (DE 13 at p. 2.) Plaintiffs contend Defendants discriminated against M.P. by failing to provide him with necessary accommodations for his disabilities under the Individuals with Disabilities Education Act and the Rehabilitation Act ("IDEA"). (Id.) Plaintiffs claim Defendants violated their constitutional rights, federal statutes, the IDEA, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act. (Id. at 3.) Plaintiffs allege each defendant had personal knowledge of the ongoing pattern and practice of using manipulative and tactical techniques to conspire to break the law discreetly. (Id.) Plaintiffs seek monetary damages, reimbursement of education and care costs from August 2022 until May 2023, legal fees, lost wages, emotional distress damages, and pain and suffering. (Id. at 2–3.)

On June 9, 2023, the Court issued an order notifying Plaintiffs that their Complaint was subject to summary dismissal because they failed to allege sufficient facts to state a claim. (DE 7.) The order further advised Plaintiffs they had until June 23, 2023, to file an amended complaint or otherwise cure the identified deficiencies in the pleadings. (Id.) Plaintiffs filed an Amended Complaint[2] on June 21, 2023, supplemented on June 23, 2023 (DE 13; 13-1.); however, Plaintiffs' Amended Complaint fails to correct the deficiencies and, like the original Complaint, fails to allege sufficient facts to establish the Court's jurisdiction or to state a claim.

The Report was issued on July 18, 2023, recommending that all but one of the claims raised in Plaintiffs' Amended Complaint be dismissed because Plaintiffs are not attorneys and cannot file a lawsuit on M.P.'s behalf.[3] (DE 21, p. 8.) The Report further recommends the Court allow

---

[2]     Plaintiffs filed a supplemental pleading on June 23, 2023, in which they added Hannah Secka as another Plaintiff. See ECF No. 13-1. Even so, Hannah Secka did not sign the supplemental pleading and has therefore not been added as a party to this action.

[3]     Upon review of the Amended Complaint, it appears that Plaintiffs claim Negligence and Emotional Distress Damages, individually, in their Eighth Cause of Action. (DE 13, p. 36.) However, these claims cannot proceed without the underlying claims on behalf of M.P. Therefore, the Court dismisses this claim without prejudice in accordance with this Order.

Plaintiffs to secure counsel. If Plaintiffs fail to hire an attorney, the Report recommends the court dismiss the Amended Complaint without prejudice and without issuance and service of process. (Id. at p. 9)  Plaintiffs have not objected to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record.  The Court adopts, therefore, the Report (DE 21) and incorporates it here.

It is, therefore, **ORDERED** that Plaintiffs must obtain counsel, and counsel must file a Notice of Appearance in this Court no later than November 26, 2023.  Failure to obtain counsel by November 26, 2023, may result in sanctions or dismissal of this action without prejudice and without issuance and service of process.  Defense counsel is directed to serve a copy of this Order on Plaintiffs by regular and certified mail.

**IT IS SO ORDERED**.

*[Signature: Joseph Dawson, III]*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 27, 2023

## NOTICE OF RIGHT TO APPEAL

Plaintiffs are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.